Filed 1/25/24  P. v. Lord CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JERRY MAKATO LORD,<br><br>    Defendant and Appellant. | F086022<br><br>(Super. Ct. No. CF95545234)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Heather Mardel Jones, Judge.

Randall Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill, Catherine Tennant Nieto, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Peña, J. and Smith, J.

## INTRODUCTION

In 1996, appellant Jerry Makato Lord pled guilty to willful, deliberate, and premeditated attempted murder (Pen. Code,[1] §§ 664/187, subd. (a)) and admitted an enhancement for the personal infliction of great bodily injury (GBI) (§ 12022.7, subd. (a)). He was sentenced to a term of life with the possibility of parole.

On April 28, 2022, Lord filed a petition for resentencing under former section 1170.95, now section 1172.6. After appointing counsel to represent Lord and accepting briefs from the parties, the trial court denied his petition at the prima facie stage.

On appeal, Lord contends that the trial court erred by denying his petition at the prima facie stage. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

*The Underlying Crime*

The record does not contain a description of the facts underlying Lord's conviction for attempted murder. However, Lord's change of plea form contains the following factual basis for his plea: "I attempted to murder a human being by a willful, deliberate and premeditated act and personally caused great bodily injury to that person."

*The Trial Court's Order Denying Lord's Petition for Resentencing*

On March 22, 2023, following the submission of briefs by the parties and a prima facie hearing, the trial court issued a written order denying Lord's petition for resentencing. The trial court's order stated the following, in relevant part:

> "According to the signed Plea Form, filed on February 22, 1996, Petitioner Lord pled 'guilty' to '1st Degree' attempted murder and admitted personally causing great bodily injury pursuant to Penal Code § 12022.7. On the plea form itself, which is signed by Petitioner Lord, under item '14a. The facts on which I base my plea are:', the following is handwritten in the blank provided: 'I

---

[1] All undefined statutory citations are to the Penal Code unless otherwise indicated.

2.

attempted to murder a human being by a willful deliberate and premeditated act and personally caused great bodily injury to that person.'

[¶] … [¶]

"Evidenced by his own plea form, Petitioner Lord himself 'willfully, deliberately and with premeditation' attempted to murder victim Ramirez, and in so acting, Petitioner 'personally' caused great bodily injury. Petitioner's factual basis admission provides the facts necessary to sustain his conviction. (*People v. Romero* (2022) 80 Cal.App.5th 145, 152-153. [Petitioner's admission to 'intentional, deliberate, and premeditated' murder establishes that he acted with express malice sufficient to sustain his conviction under the amended law and Petitioner ineligible for sentencing as a matter of law.].)

"Thus, with regard to the element pursuant to Penal Code § 1172.6(a)(3), the record of conviction demonstrates, beyond a reasonable doubt, that Petitioner Lord personally acted with the intent to kill and was, and continues to be, guilty of 'willful, deliberate and premeditated' attempted murder, including under California law as amended by the changes to §§ 188 or 189 made effective January 1, 2019.

"As such, the prima facie case fails as a matter of law and fact. Petitioner Lord is ineligible for relief as a matter of law, and is not entitled to resentencing. The Petition is denied with prejudice."

## ANALYSIS

### The Record of Conviction Conclusively Establishes Lord is Ineligible for Relief as a Matter of Law

Lord contends that the trial court erred by denying his petition for resentencing at the prima facie stage. We disagree.

#### A. Section 1172.6

"Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) amended the felony-murder rule by adding section 189, subdivision (e). [Citation.] It provides that a participant in the qualifying felony is liable for felony murder only if the person: (1) was the actual killer; (2) was not the actual killer but, with the intent to kill, acted as a direct aider and abettor; or (3) was a major participant in the underlying felony and acted with reckless indifference to human life. [Citation.] The Legislature also amended the

3.

natural and probable consequences doctrine by adding subdivision (a)(3) to section 188, which states that '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' " (*People v. Harden* (2022) 81 Cal.App.5th 45, 50-51; *People v. Strong* (2022) 13 Cal.5th 698, 707-708.)

"Senate Bill 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended," initially codified in former section 1170.95. (*People v. Strong, supra,* 13 Cal.5th at p. 708.) The initial version of former section 1170.95 permitted "a person with an existing conviction for felony murder or murder under the natural and probable consequences doctrine to petition the sentencing court to have the murder conviction vacated and to be resentenced on any remaining counts if he or she could not have been convicted of murder as a result of the other legislative changes implemented by Senate Bill No. 1437]." (*People v. Flores* (2020) 44 Cal.App.5th 985, 992.)

Effective January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill 775) made substantive amendments to former section 1170.95 that were consistent with our Supreme Court's decision in *People v. Lewis* (2021) 11 Cal.5th 952, 972 (*Lewis*), and also " '[c]larifie[d] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories.' " (*People v. Birdsall* (2022) 77 Cal.App.5th 859, 865, fn. 18; *People v. Vizcarra* (2022) 84 Cal.App.5th 377, 388.)

On June 30, 2022, the statute was renumbered as section 1172.6 without further substantive changes. (See *People v. Saibu* (2022) 81 Cal.App.5th 709, 715, fn. 3.)

Section 1172.6, subdivision (a) provides the following:

> "(a) A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).)

The superior court shall appoint counsel if requested by petitioner. (§ 1172.6, subd. (b)(3).) After service of the petition, the prosecutor shall file and serve a response. The petitioner may file and serve a reply after the response is served. (*Id.* at subd. (c).) "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c).)

The prima facie determination is a question of law, and the superior court may deny a petition if the petitioner is ineligible for resentencing as a matter of law. (*Lewis, supra*, 11 Cal.5th at p. 966.) At the prima facie stage, the court's inquiry " 'is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime).' " (*People v. Pacheco* (2022) 76 Cal.App.5th 118, 125, quoting *People v. Drayton* (2020) 47 Cal.App.5th 965, 980.)

The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis, supra*, 11 Cal.5th at p. 971.)

If the petitioner makes the requisite prima facie showing he or she is entitled to relief under section 1172.6, the superior court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction and resentence the petitioner on any remaining counts. (§ 1172.6, subd. (d)(1).)

We review de novo an order denying a petition under section 1172.6, without issuing an order to show cause. (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251; *People v. Coley* (2022) 77 Cal.App.5th 539, 545; *People v. Harrison* (2021) 73 Cal.App.5th 429, 437.)

### B.    Analysis

Lord entered a plea of no contest to willful, premeditated and deliberate attempted murder and he admitted to an enhancement for the personal infliction of GBI in the commission of that offense. As discussed further below, his conviction could not have been based upon a theory of imputed malice, such as the natural and probable consequences doctrine, and he is therefore ineligible for resentencing relief under section 1172.6 as a matter of law.

"Attempted murder requires the specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing." (*People v. Lee* (2003) 31 Cal.4th 613, 623.) "[U]nlike murder, attempted murder is not divided into

6.

degrees. The prosecution, though, can seek a special finding that the attempted murder was willful, deliberate, and premeditated, for purposes of a sentencing enhancement." (*People v. Mejia* (2012) 211 Cal.App.4th 586, 605.) An aider and abettor may be convicted of the premeditation penalty provision even though he or she did not personally deliberate or premeditate the act of murder. (*People v. Lee, supra,* 31 Cal.4th at pp. 624-625.) However, he or she must still possess the intent to kill. (*Id.* at pp. 623-624.)

Here, in entering his guilty plea, Lord expressly admitted that he had acted with the intent to kill. The factual basis for his plea was based upon the following written admission: "I attempted to murder a human being by a willful, deliberate and premeditated act and personally caused great bodily injury to that person." " 'Willful' is synonymous with 'express malice': in other words, a specific intent to kill. [Citation.] Premeditation occurs when the [attempted] killing is ' "considered beforehand," ' and deliberation occurs when the decision to kill is ' "formed or arrived at or determined upon as a result of careful thought and weighing of considerations for and against the proposed course of action." ' " (*People v. Mejia*, supra, 211 Cal.App.4th at p. 604.)

Regardless of whether Lord or his trial counsel wrote these statements, Lord admitted the truth of these facts and they are binding upon him. (See *People v. Romero* (2022) 80 Cal.App.5th 145, 152-153 [A defendant's admissions in entering a guilty plea "pursuant to a negotiated plea" are not " ' " 'stray comment[s]' " ' "; to the contrary, they are binding and part of the record of conviction].)

Lord nonetheless contends that his admissions did not foreclose the possibility that malice was imputed to him as the aider and abettor to a non-murder target offense. According to Lord, his admissions could be interpreted to mean that he " 'personally caused great bodily injury' to Ramirez and that he committed 'a willful, deliberate, and premeditated act' in furtherance of a target crime, which thereby exposed him to liability for his co-perpetrator's premeditated attempted murder." Lord's argument is premised upon the possibility that he was convicted as an aider to a non-murder act. However,

7.

Lord's admission to the *personal* infliction of great bodily injury in the commission of the crime of attempted premeditated murder forecloses such a possibility.

Section 12022.7, subdivision (a) provides: "Any person who *personally* inflicts great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for three years." (Italics added.) By enacting section 12022.7, "the Legislature intended to impose an additional penalty for causing great bodily injury only on those principals who perform the act that *directly inflicts the injury*, and that one who merely aids, abets, or directs another to inflict the physical injury is not subject to the enhanced penalty of section 12022.7." (*People v. Cole* (1982) 31 Cal.3d 568, 571, italics added; *People v. Rodriguez* (1999) 69 Cal.App.4th 341, 348-349 [same].) "Accordingly, 'one who merely aids, abets, or directs another to inflict the physical injury is not subject to the enhanced penalty of section 12022.7.' " (*People v. Slough* (2017) 11 Cal.App.5th 419, 423.) Thus, Lord was convicted as the direct perpetrator of a premeditated attempted murder, and not as an aider and abettor to a non-murder crime to whom malice may have been imputed. Lord is therefore ineligible for section 1172.6 resentencing relief as a matter of law.

## DISPOSITION

The trial court's order denying Lord's petition for resentencing is affirmed.